UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CITY OF PLAQUEMINE, RISK MANAGEMENT, INC., | ) | |
| | ) | |
| | ) | 3:23-CV-00111-DCLC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TEAM HEALTH HOLDINGS, INC., | ) | |
| AMERITEAM SERVICES, LLC, HCFS | ) | |
| HEALTH CARE FINANCIAL SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Team Health Holdings, Inc., Ameriteam Services, LLC, and HCFS Health Care Financial Services (collectively "Defendants") have filed a motion to strike Plaintiff City of Plaquemine's class allegations from its First Amended Complaint [Doc. 29]. Plaintiff has responded in opposition. The matter is now ripe for resolution.

I.      **BACKGROUND**

This is one of three class action cases pending in this Court against Defendants.[1] Each case the parties have engaged in extensive briefing and similar motion practice. For example, in the *Buncombe County* case, Defendants filed a similar motion to strike the class allegations Buncombe County had included in its First Amended Complaint. The Court denied that motion. Because the

---

[1] *See United Health Care Services, Inc. et al. v. Team Health Holdings, Inc. et al.* 3:21-cv-364 (E.D.TN); *Buncombe County, North Carolina v. Team Health Holdings, Inc.*, 3:22-cv-420 (E.D.TN); *Risk Management Inc. v. Team Health Holdings, Inc.*, 3:22-cv-456 (E.D.TN).

1

factual allegations in this case are nearly identical as those made by Buncombe County, the Court reaches the same conclusion here.

Team Health Holdings is the parent company of several entities, including Ameriteam and HCFS. It provides emergency room "staffing and administrative services to hospitals through a network of subsidiaries, affiliates, and nominally independent entities and contractors that operate in nearly all states…" [Doc. 21, ¶ 33]. Plaintiff alleges that Defendants "promise hospitals, physicians, and ER staff that it will increase efficiency and profitability and lift the administrative burdens off practitioner's shoulders." [Doc. 21, ¶ 12]. Team Health assigns billing to HFCS, which, according to Plaintiff, "overbills by using improperly chosen Current Procedural Terminology ("CPT") codes in conjunction with the billing" [*Id.*]. Plaintiff alleges that emergency room physicians who treat the patient "do not see the insurance claims that Team Health creates, even though the claims are submitted in their names, and the payments for the medical services goes directly to Defendants [*Id.* at ¶ 45]. Defendants then pay physicians a "fixed hourly or per patient or per transaction fee" [*Id.* at ¶ 45]. Defendants keep most of the payments [*Id.*]. Plaintiffs allege that "[w]hen local medical staff complete their work with a patient, they submit medical records to HCFS. HCFS then engages in upcoding [and] overbilling" [Doc. 21, ¶ 57]. Plaintiff contends this is the essence of Defendants' fraud.

As Buncombe County did in its case against Defendant, Plaintiff brings this action on behalf of itself and all others similarly situated under Fed.R.Civ.P 23(a), (b)(1)-(3), as well as Rule 23(c)(4) in the alternative, as representative of a class defined as follows:

> a. **RICO Class:** All payors that compensated Team Health or an entity billing on its behalf for medical treatment in the United States or its territories during the four years[34] prior to the filing of the Complaint in this action.

b.**Unjust Enrichment Class:** All payors that compensated Team Health or an entity billing on its behalf for medical treatment in the United States or its territories during the three years prior to the filing of the Complaint in this action.

c.**Declaratory Judgment Class:** All payors that compensated Team Health or an entity billing on its behalf for medical treatment in the United States or its territories at any time prior to the filing of the Complaint in this action.

d. United States governmental programs including Medicare, Medicaid, and Tricare are *excluded* as class members.

[Doc. 21, ¶ 120]. It represents that the members of the class are so numerous that joinder is impracticable. Plaintiff alleges that the class is readily identifiable and that its claims are typical of the claims of the members of the class. It also represents that it would fairly and adequately protect the interests of class members because its interest coincides with those of the members. [Doc. 21, ¶¶ 121-131].

Defendants argue that Plaintiff cannot establish the commonality and typicality requirements of Rule 23(a) and that Plaintiff is an inadequate class representative [Doc. 30, pgs. 16-20]. Defendants further contend Plaintiff cannot maintain a class under Rule 23(b)(1) and (b)(2), (b)(3) or (c)(4). Plaintiff responds that Defendants' Motion to Strike is premature at this stage in the case and that Defendants arguments do not establish that class certification is impossible.

It is incumbent on the Court to address class certification issues "[a]t an early practicable time after a person sues or is sued as a class representative." Fed.R.Civ.P. 23(c)(1)(A). Defendants' motion to strike is an acceptable procedural tool to attack class allegations at the pleading stage. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). But the Sixth Circuit disfavors this early resolution of a class action because courts typically lack the proper foundation with which to conduct the "rigorous" class-certification analysis at the pleading stage. *In re American Med. Sys.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) (internal quotation marks

3

omitted).  Accordingly, the Sixth Court instructs lower courts to "defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issue." *Id*. at 1086. The one exception is when "it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23." *Bearden v. Honeywell Int'l, Inc*., 720 F. Supp.2d 932, 942 (M.D. Tenn. 2010).  This occurs when there is a facial defect that cannot be cured by discovery. *See Pilgrim*, 660 F.3d at 949; *see also Jones v. Lubrizol Advanced Materials, Inc*., 583 F. Supp. 3d 1045, 1055 (N.D. Ohio 2022).

As the Court did in the *Buncombe County* case, the Court declines to strike Plaintiff's class allegations at this stage.  Defendants argue at length why Plaintiff cannot satisfy the commonality and typicality requirements of Rule 23(a).  Both of those "generally involve[ ] considerations that are enmeshed in the factual and legal issues comprising [Plaintiff's] cause of action." *General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (internal quotation marks omitted).  Those are issues "more prudently reserved for a fully briefed class certification motion rather than in the context of a motion to strike claims at the pleading stage." *Glass v. Tradesman Int'l, LLC*, 505 F. Supp. 3d 747, 765 (N.D. Ohio 2020).

Defendants argue Plaintiff cannot maintain a class under Rule 23(b)(3) based on its claim that individualized issues predominate and the number of individualized inquires forecloses superiority.  "To meet the predominance requirement, a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fidelity Nat'l Title Ins. Co*., 646 F.3d 347, 353 (6th Cir. 2011) (citations omitted).  Based on the pleadings at this stage, there is one set core of predominate facts and legal issues, *i.e.*, Defendants' pattern and practice of upcoding CPT codes

4

to secure a higher payment for services than actually rendered.  That is common across the board.

At this stage, it appears that requirement has been at least pled.

Before certifying a class under Rule 23(b)(3), the Court must find that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Defendants contend Plaintiff case fails at this stage as well.  In addressing this issue, Rule 23(b)(3) directs the Court to consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

At this early stage, it is difficult to rigorously assess all these factors as required by Rule 23.  The Court cannot conclude with certainty that the issues presented will require individualized consideration.  Without adequate discovery, it is difficult to determine whether Defendants' practice will be different for potential class members.  It very well may be that its practice of upcoding only certain codes will apply to all potential class members.  If that is the case, it would be inappropriate to strike the class allegations at this time.  *See In re Am. Med. Sys*., 75 F.3d at 1086 ("[D]iscovery is to be encouraged on the class issue.") (internal quotation marks omitted).  While it very well may be true that some of these factors counsel against class certification, they are difficult to assess at this stage in the case.

While Defendants raise important issues regarding class allegations, those are best addressed in the context of a motion to certify not on a motion to dismiss. Accordingly, Defendants' Motion to Strike [Doc. 29] is **DENIED.**

SO ORDERED:


s/Clifton L. Corker
United States District Judge