UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CITY OF PLAQUEMINE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEAM HEALTH HOLDINGS, INC., AMERITEAM SERVICES, LLC, and HCFS HEALTH CARE FINANCIAL SERVICES, LLC,<br><br>Defendants. | Case No. 3:23-cv-00111-DCLC-DCP |

PLAINTIFF CITY OF PLAQUEMINE'S MOTION
FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER RULE 41

Plaintiff City of Plaquemine (the "City") has instructed undersigned counsel to respectfully move for voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). Previously, the City withdrew its class allegations against Defendants Team Health Holdings, Inc., Ameriteam Services, LLC, and HCFS Health Care Financial Services, LLC (collectively, "Defendants"), such that only its individual claims remained. ECF No. 123. The City now seeks to dismiss those remaining claims without prejudice because its new administration is focused on other priorities, and it is unable to participate in the rigors of litigation.[1] For the reasons stated below, the Court should grant the Motion and dismiss the City's remaining claims *without prejudice.*

---

[1] This Motion does not impact the claims—either individual or class claims—in the related case, *Buncombe County v. Team Health Holdings, Inc., et al.*, No. 3:22-cv-00420.

1

## ARGUMENT

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The purpose of Rule 41(a)(2) is "to protect the nonmovant from unfair treatment." *Id.* Thus, "as a general rule, courts should grant voluntary dismissal without prejudice only in the absence of plain legal prejudice." *Douglas v. Johnson & Johnson Consumer, Inc.*, No. 1:17-cv-270, 2018 WL 1545735 (E.D. Tenn. Mar. 29, 2018) (citation omitted).

The determination of whether a defendant will suffer plain legal prejudice is governed by four factors:

> (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntarily dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment under Rule 56.

*Grover*, 33 F.3d at 718. However, the mere prospect of a second lawsuit alone does not constitute prejudice. *Id.* Moreover, the fact that a plaintiff may gain some tactical advantage by voluntarily dismissing likewise does not constitute prejudice. *Matthews v. Tenn. Bd. of Prob. & Parole*, No. 1:07-cv-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008).

As the City has previously explained, it no longer seeks to be considered as a class representative in this putative class action. ECF No. 123. The City has been required to shift its focus to other priorities to serve its citizens and no longer wishes to participate in this litigation. Accordingly, it now seeks to voluntarily dismiss all remaining claims without prejudice.

Here, voluntary dismissal will not prejudice Defendants. First, whatever time, effort, and expense Defendants have incurred in defending against the City's claims have likewise been spent in defending against Buncombe County's claims in the related case, *Buncombe County v. Team*

*Health Holdings, Inc., et al.*, No. 3:22-cv-00420. The Court previously consolidated this and the *Buncombe County* cases "for the limited purpose of addressing the class certification issues." ECF No. 55. Since that time, Defendants' efforts have been focused on preparing to oppose class certification. Thus, whatever time, effort, and expense Defendants have incurred in defending against the City's claims have certainly not been wasted, as those efforts up to this point can still be used for that very purpose. This factor supports voluntary dismissal without prejudice.

The City and its counsel have not engaged in excessive delay or lack of diligence in prosecuting this action, or the related action. Since consolidation, all parties have diligently engaged in class discovery. The City has responded to discovery requests, and the City's counsel have helped to facilitate third party discovery from the Louisiana Municipal Risk Management Agency ("LMRMA") and Risk Management, Inc. ("RMI"). Following the City's decision to withdraw its class allegations and claims on October 1, 2025, ECF No. 123, the City and its counsel have diligently continued to engage in discovery—including in the continued facilitation of third-party discovery—even while its Motion to Stay, *id.*, remained pending. Indeed, the City and its counsel have continued to appear before the Court for status hearings in the interim. This factor also favors voluntary dismissal without prejudice.

The final factor likewise supports voluntary dismissal without prejudice, because Defendants have not yet moved for summary judgment in this action or in the related action.

Here, there is no indication that Defendants would be "treated unfairly" if voluntary dismissal without prejudice is granted. *See Grover*, 33 F.3d at 718. Further, there is no evidence that Defendants would be prejudiced by the voluntary dismissal of the City's remaining individual claims. Accordingly, voluntary dismissal without prejudice under Rule 41(a)(2) is appropriate.

## **CONCLUSION**

For the reasons stated above, Plaintiff City of Plaquemine respectfully moves the Court to grant voluntary dismissal without prejudice of its remaining claims under Federal Rule of Civil Procedure 41(a)(2).

Dated: December 5, 2025

/s/*William A. Ladnier*
William A. Ladnier, TN BPR No. 034316
**MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC**
800 South Gay Street, Suite 1100
Knoxville, TN  37929
T: 865-247-0080
F: 865-522-0049
wladnier@milberg.com

Roy Shimon (*pro hac vice*)
**MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
T: 212- 946-9467
rshimon@milberg.com

Andrew A. Lemmon (*pro hac vice*)
**LEMMON LAW FIRM, LLC**
Of counsel to Milberg Coleman Bryson Phillips Grossman, PLLC
5301 Canal Boulevard, Suite A
New Orleans, LA 70124
T: 984-257-5987
andrew@lemmonlawfirm.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I caused a true and correct copy of the foregoing document to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *William A. Ladnier*
William A. Ladnier

*Attorney for Plaintiff*