UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BUNCOMBE COUNTY, NORTH CAROLINA, Individually and on behalf of all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>TEAM HEALTH HOLDINGS INC., *et al.*,<br><br>    Defendants. | No. 3:22-CV-420-DCLC-DCP |

**ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are Plaintiff's Motion for Protective Order and to Quash Deposition Notice to Nonparty BlueCross BlueShield of North Carolina and to Deem Documents Non-Confidential Under Protective Order ("Motion for Protective Order") [Doc. 168] and Plaintiff's Motion to Seal [Doc. 171]. In summary, Plaintiff asked that the Court quash the deposition of BlueCross BlueShield of North Carolina ("BCBSNC") that was set for December 9, 2025, because Plaintiff wanted to question BCBSNC about certain documents that Defendants designated confidential or Attorneys' Eyes Only [Doc. 168]. Under the parties' Agreed Protective Order [Doc. 66], it argued that it was not able to do so [Doc. 169]. In the alternative, if the deposition proceeded, Plaintiff moved the Court under the Protective Order to find that each of the documents be deemed not confidential so that Plaintiff could use them at the deposition [*Id.*]. Plaintiff submitted approximately 19 documents for the Court to review [*Id.* at 10–19]. These are the

documents subject to Plaintiff's Motion to Seal [Doc. 171; *see also* Docs. 172, 172-1 to 172-20 SEALED].

On December 8, 2025, the Court entered an Order declining to quash the deposition [Doc. 177]. The Court stated, however, that it would "adjudicate the designation of documents in due course, which may warrant another deposition of BCBSNC" [*Id*. at 3].

Defendants later responded to the Motion for Protective Order and the Motion to Seal [Doc. 184]. On December 23, 2025, non-party Centene Corporation ("Centene") filed a Motion to Intervene [Doc. 187]. One of the documents that Plaintiff asked the Court to de-designate was a Settlement Agreement between it and Defendants [Doc. 188]. Centene therefore seeks to intervene for the limited purpose of opposing Plaintiff's request as it relates to the Settlement Agreement [*Id*.].

On December 24, 2025, Plaintiff filed a reply to its Motion for Protective Order withdrawing its request [Doc. 189]. It states that while it objected during the BCBSNC deposition about its inability to use certain documents, it "was able to use other documents that were not subject to confidentiality or excluded from use at the deposition" [*Id*. at 3]. Plaintiff therefore asserts that it obtained "adequate information . . . at the deposition for purposes of discovery in Phase One and any Phase Two issues are not ripe at this time" [*Id*.]. Plaintiff states that "there is no need to seek to re-open the deposition and risk additional delay simply to seek to introduce the confidential documents, or to further burden the Court with adjudicating the issue at this juncture" [*Id*.]. Plaintiff represents its Motion for Protective Order is moot, and therefore, "Centene's motion to intervene should be rendered moot" [*Id*.].

In light of Plaintiff's representation, the Court **DENIES AS MOOT** Plaintiff's Motion for Protective Order [**Doc. 168**] and the Motion to Seal [**Doc. 171**]. In accordance with Rule 12.2 of

the CM/ECF Rules and Procedures, the Court **DIRECTS** the Clerk's Office to **DELETE** the exhibits subject to the Motion for Protective Order [**Docs. 172, 172-1 to 172-20**]. Given that, the Court **DENIES AS MOOT** Centene Corporation's Motion to Intervene [**Doc. 187**].

    **IT IS SO ORDERED.**

                             ENTER:

                             */s/ Debra C. Poplin*
                             Debra C. Poplin
                             United States Magistrate Judge